**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

CAROLYN HARKLERODE and
WILLIAM HARKLERODE,

        Plaintiffs,

v.                                   Case No:  6:24-cv-2115-CEM-LHP

HILTON GRAND VACATIONS,
INC.,

        Defendant

---

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT:**

    Before the Court is Defendant's Motion to Compel Arbitration. Doc. No. 8. Plaintiffs respond in opposition. Doc. No. 9. The matter has been referred to the undersigned and is ripe for review. For the reasons discussed herein, it is respectfully **RECOMMENDED** that Defendant's motion (Doc. No. 8) be **GRANTED**.

**I.    BACKGROUND.**

    Plaintiffs Carolyn Harklerode and William Harklerode instituted this action in state court against Defendant Hilton Grand Vacations, Inc., alleging claims for

negligent and fraudulent misrepresentation; negligent and fraudulent concealment of public offering statement; negligent and fraudulent concealment of successor liability; negligent misrepresentation and intentionally negligent concealment of licensure; concealment of an arbitration and mitigation limitation clause, as well as violations of the Real Estate Settlement Procedures Act ("RESPA"); the Dodd-Frank Wall Street Reform and Consumer Protection Act; the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"); and the Florida Timeshare Act.  Doc. No. 1-1. The claims all relate to Plaintiffs' purchase of a timeshare.  *Id.*

On November 19, 2024, Defendant removed the matter to this Court, pursuant to 28 U.S.C. §§ 1331, 1367, 1441(a), 1441(b), and 1446.  Doc. No. 1.  On November 21, 2024, Defendant filed the present Motion to Compel Arbitration. Doc. No. 8.  According to the motion, Plaintiffs executed an Agreement for purchase of the timeshare on November 28, 2023, with Bluegreen Vacations Unlimited, Inc. ("Bluegreen"), a wholly-owned subsidiary of Defendant.  *Id.* at 1; Doc. No. 1-2.  As part of the Agreement, Plaintiffs agreed to mandatory arbitration. Doc. No. 1-2, at 13 ¶ 26(a).  Plaintiffs oppose Defendant's motion.  Doc. No. 9.

## II. LEGAL STANDARDS.

The Federal Arbitration Act, 9 U.S.C. § 1 *et seq*. ("FAA"), establishes a "federal policy favoring arbitration" and requires that courts "rigorously enforce agreements to arbitrate."  *Shearson/Am. Express, Inc. v. McMahon*, 482 U.S. 220, 226

(1987) (citations omitted). Under the FAA, a written arbitration provision in a "contract evidencing a transaction involving commerce" is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

Generally, in determining whether a dispute is subject to arbitration, courts must consider three issues: "(1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived." *Fla. Farm Bureau Ins. Cos. v. Pulte Home Corp.*, No. 8:04-cv-2357-T-EAJ, 2005 WL 1345779, at *3 (M.D. Fla. June 6, 2005). However, "[w]en the parties' contract delegates the arbitrability question to an arbitrator, the courts must respect the parties' decision as embodied in the contract." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 65 (2019).

"In deciding whether the parties agreed to arbitration, the Court applies state law governing the formation of contracts while at the same time, taking into consideration the federal policy favoring arbitration." *Armont v. K12 (Fla. Cyber Charter Acad. - FLCCA)*, No. 3:19-cv-334-J-34MCR, 2019 WL 7666549, at *7 (M.D. Fla. Dec. 6, 2019) (quoting *Corbin v. Affiliated Computer Servs.*, No. 6:13-cv-180-Orl-36TBS, 2013 WL 3804862, *3 (M.D. Fla. July 19, 2013)). Florida law governs the Agreement, which Plaintiffs do not dispute. Doc. No. 1-2, at 14 ¶ 28(a); *see also* Doc. No. 9. "To prove the existence of a contract under Florida law, the party seeking to enforce the

- 3 -

contract must prove 'offer, acceptance, consideration and sufficient specification of essential terms.'" *Schoendorf v. Toyota of Orlando*, No. 6:08-cv-767-Orl-19DAB, 2009 WL 1075991, *6 (M.D. Fla. Apr. 21, 2009) (quoting *St. Joe Corp. v. McIver*, 875 So. 2d 375, 381 (Fla. 2004)).

## III.   ANALYSIS.

Here, Defendant presents evidence that Plaintiffs agreed to arbitrate their claims. Specifically, the Agreement, signed by both Plaintiffs, includes a provision stating, in pertinent part:

> **MANDATORY ARBITRATION.** All disputes, claims, actions, questions or differences, whether based in or upon contract, tort, statute, fraud, deception, misrepresentation or any other legal theory, brought by or on behalf of Purchaser against any one or more of Developer/Seller, Trustee, Bluegreen Vacation Club, Inc, Bluegreen Resorts Management, Inc, Resort Title Agency, Inc, Escrow Agent, any Lender, or any of their respective affiliates, parents, subsidiaries, officers, directors, shareholders, managers, members, or employees (collectively, the "Bluegreen Parties", each of whom may rely upon and/or enforce the terms of this sub-Section 26(a)),[1] which in any way whatsoever relates to or arises out of this Bluegreen Owner Beneficiary Agreement, the Property, the Bluegreen Vacation Club multi-site timeshare plan, membership in Bluegreen Vacation Club, Inc, the Trust Agreement, and specifically including the marketing, offering, acquisition, sale, use, or occupancy of the Property or Accommodations or Facilities (and related Owner Beneficiary Rights and appurtenant Vacation Points) in connection with the Bluegreen Vacation Club multisite timeshare plan or the function, form, or

---

[1] As discussed above, Bluegreen Vacations Unlimited, Inc. is a wholly-owned subsidiary of Defendant. *See* Doc. No. 1-2, at 2 ¶ 1. Plaintiffs do not challenge Defendant's ability to enforce the arbitration agreement. Doc. No. 9.

- 4 -

> operation of the Bluegreen Vacation Club multi-site timeshare plan (collectively, "Disputes"), shall be resolved through binding and final arbitration in Broward County, Florida, before a single arbitrator (the "Arbitrator"), in accordance with the Commercial Arbitration Rules (the "Rules") of the American Arbitration Association ("AAA") then in effect, except as those Rules may be modified in this Section 26 Notwithstanding the foregoing, any dispute, claim or controversy solely relating to any purchase money financing obtained by Purchaser to acquire the Property in connection with the Bluegreen Vacation Club multi-site timeshare plan shall be exclusively governed by the terms of the applicable lien debt instrument and shall not be subject to this sub-Section 26(a).

Doc. No. 1-2, at 13 ¶ 26(a); *see also id.* at 8 (including Plaintiffs' signatures and incorporating the terms and conditions that include the arbitration agreement). Plaintiffs further agreed that:

> Except as to the applicability and validity of sub-Section 26(b), the Arbitrator, and not any court or agency, shall have exclusive authority to resolve any dispute or issue of arbitrability with respect to this sub-Section 26(a), including as to the jurisdiction of the Arbitrator or relating to the existence, scope, validity, enforceability, or performance of this sub-Section 26(a) or any of its provisions. Any dispute or issue as to the applicability or validity of sub-Section 26(b) shall be determined by a court of competent jurisdiction Moreover, nothing in this sub-Section 26(a) shall preclude the Bluegreen Parties from seeking interim or provisional relief or remedies in aid of arbitration from a court of competent jurisdiction.

*Id.* at 13 ¶ 26(a).   Thus, the arbitration agreement includes a delegation clause that delegates the issue of arbitrability to the arbitrator.   *See id.*; *see also Parnell v. CashCall, Inc.*, 804 F.3d 1142, 1148 (11th Cir. 2015) (clause stating "any issue concerning the validity, enforceability, or scope of this loan or the Arbitration

agreement . . . unambiguously commits to the arbitrator the power to determine the enforceability of the agreement to arbitrate"); *Seminole Cty. Tax Collector v. Domo, Inc.*, No. 6:18-cv-1933-Orl-40DCI, 2019 WL 1772108, at *3 (M.D. Fla. Apr. 23, 2019) ("The arbitration clause's prescription that any dispute in connection with the 'Agreement or the breach, termination, enforcement, interpretation, or validity thereof, will be determined by' is clearly and unmistakably a delegation provision." (citing *Martinez v. Carnival Corp.*, 744 F.3d 1240, 1245–47 (11th Cir. 2014)). "An agreement to arbitrate a gateway issue is simply an additional, antecedent agreement the party seeking arbitration asks the federal court to enforce, and the FAA operates on this additional arbitration agreement just as it does on any other." *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 70 (2010). Therefore, the only issue the Court must resolve at this juncture is whether a valid agreement to arbitrate exists. *See id.*

Here, there is evidence of offer (the Contract), acceptance (Plaintiff's signatures), and consideration (the mutual agreement). *See, e.g.*, *Kinko's, Inc. v. Payne*, 901 So. 2d 354, 355 (Fla. Dist. Ct. App. 2005) (collecting cases in which courts have recognized "the agreement of a party to submit to arbitration is sufficient consideration to support the other party's agreement to do the same"); *see also Regions Bank v. Hyman*, 91 F. Supp. 3d 1234, 1255 (M.D. Fla. 2015), *aff'd*, 776 F. App'x 772 (11th Cir. 2019) ("Under Florida law, a party who signs a contract is presumed

to know its contents, and he cannot avoid his obligations thereunder by alleging he did not read the contract, or that the terms were not explained to him, or that he did not understand the provisions."). Finally, there does not appear to be a dispute as to whether the arbitration agreement provides sufficient specification of the essential terms. Doc. Nos. 8, 9.

In response to the motion, Plaintiffs argue that the parties' agreement is void and unenforceable because Defendant never provided a public offering statement prior to signing the contract at issue, Defendant fraudulently concealed the terms of the contract and arbitration agreement and prevented Plaintiffs from reading them, and that Defendant was not properly licensed under Florida law. Doc. No. 9, at 2–6. Plaintiffs thus argue, without citation to legal authority, that the timeshare agreement, and thus the arbitration agreement, is void/voidable/unenforceable. *Id.* at 2, 6.

At least two courts in this District have squarely rejected the same arguments in substantially similar cases brought by the same plaintiffs' counsel. *See Shull v. Capital Resorts Group, LLC*, No. 8:24-cv-2667-MSS-SPF, Doc. No. 29 (M.D. Fla. Feb. 4, 2025); *Long v. Westgate Resorts, Ltd.*, 6:24-cv-2112-ACC-EJK, Doc. No. 24 (M.D. Fla. Dec. 23, 2024).[2] Given the delegation clause, the issues of fraudulent inducement

---

[2] As noted in Defendant's request for judicial notice, various Plaintiffs (represented

- 7 -

and voidability are issues for the arbitrator. *See id.*; *see also Rent-A-Center*, 561 U.S. at 70 ("[A] party's challenge to another provision of the contract, or to the contract as a whole, does not prevent a court from enforcing a specific agreement to arbitrate."); *Attix v. Carrington Mortgage Servs., LLC*, 35 F.4th 1284, 1302 (11th Cir. 2022) ("[T]o overcome a delegation agreement, a party must challenge the validity or enforceability of the parties' precise agreement to arbitrate threshold arbitrability issues.").[3] Accordingly, the undersigned will recommend that the Court reject Plaintiffs' arguments.

---

by the same counsel) have filed the same responses to various motions to compel arbitration in similar timeshare cases. *See* Doc. No. 18 (amended request to take judicial notice of Case No. 6:24-cv-01852-PGB-LHP, Doc. No. 16; Case. No. 6:24-cv-02115-CEM-LHP, Doc. No. 9; Case No. 6:24-cv-02112-ACC-EJK, Doc. No. 10; Case No. 6:24-cv-01813-PGB-DCI, Doc. No. 11; Case No. 8:24-cv-02667-MSS-SPF, Doc. No. 8; Case No. 6:24-cv-01924-CEM-LHP, Doc. No. 10; Case No. 6:24-cv-01922-RBD-EJK, Doc. No. 16. It is appropriate for the Court to take judicial notice of these documents. *See Griffin v. Verizon Commc'ns Inc.*, 746 F. App'x 873, 876 (11th Cir. 2018) (cited as persuasive authority) ("Courts typically take judicial notice of record documents from other judicial proceedings." (citations and quotation marks omitted)).

[3] The undersigned notes that Plaintiffs mention the delegation clause twice in their response to Defendant's motion, but they make no direct challenge to it specifically. Doc. No. 9, at 4. "[T]o save this case from going to arbitration, [Plaintiffs] must raise a specific challenge to the validity or enforceability of the parties' delegation agreement." *See Attix*, 35 F.4th at 1306; *see also Rent-A-Center*, 561 U.S. at 71 ("[W]here the alleged fraud that induced the whole contract equally induced the agreement to arbitrate which was part of that contract . . . we nonetheless require the basis of challenge to be directed specifically to the agreement to arbitrate before the court will intervene."); *Apollo MD Bus. Servs., L.L.C. v. Amerigroup Corp. (Delaware)*, No. 1:16-CV-4814-RWS, 2017 WL 10185527, at *5 (N.D. Ga. Nov. 27, 2017) ("Plaintiff articulates no arguments that differentiate between alleged fraud in the formation of the contracts and fraud specifically in the inclusion of the arbitration provisions. It is clear, then, that Plaintiff's challenge is to the entirety of the contracts and

## IV. RECOMMENDATION.

For the reasons stated herein, it is respectfully **RECOMMENDED** that the Court:

1. **GRANT** Defendant's Motion to Compel Arbitration (Doc. No. 8).

2. **ORDER** the parties to submit Plaintiffs' claims to arbitration.

3. **STAY** all further proceedings in this case pending the outcome of arbitration.

4. **ORDER** Defendant to file joint status updates every ninety (90) days from the date of the Court's Order on the present Motion, and every ninety (90) days thereafter, until the conclusion of the arbitration proceedings.

---

not the arbitration provisions in particular. Therefore . . . the Court must treat the provisions 'as valid under § 2 [of the FAA], and must enforce [them] under §§ 3 and 4, leaving any challenge to the validity of the Agreement[s] as a whole for the arbitrator.'" (quoting *Rent-A-Center*, 561 U.S. at 72).

Moreover, even assuming (without finding) Plaintiffs' fraudulent inducement argument applies to the delegation provision specifically, Plaintiffs fail to submit any corroborating evidence in support or develop the argument in any meaningful way. *See generally Antonetti v. Activision Blizzard, Inc.*, No. 1:24-cv-2019-TWT, 2025 WL 359323, at *5 (N.D. Ga. Jan. 31, 2025) ("[T]he Eleventh Circuit applies a 'summary judgment-like standard' to the fact issue of whether parties did or did not enter an arbitration agreement. And in the summary judgment context, once the party seeking summary judgment (here, enforcement of the arbitration agreement) has identified grounds showing the absence of a genuine dispute of material fact, the burden shifts to the nonmovant to present affirmative evidence showing that a genuine dispute exists.").

## **NOTICE TO PARTIES**

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Recommended in Orlando, Florida on March 26, 2025.

_Leslie Hoffman Price_
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties